JUDGE PAULEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 8995

-------------------------------------------------------------- x

RAYMOND TORRES,

                                                Plaintiff,    **COMPLAINT AND**

-against-                               **JURY DEMAND**

H & M HENNES & MAURITZ L.P., THE CITY OF NEW
YORK, FORMER POLICE COMMISSIONER
RAYMOND A. KELLY, POLICE OFFICERS AND H &
M DEPARTMENT STORE SECURITY GUARDS JOHN
DOE ##1-2,

                                            Defendants.



ELECTRONIC FILING CASE
RECEIVED NOV 12 2014 U.S.D.C. S.D.N.Y. CASHIERS

-------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §§1983, 1985(3), 1988 the Fourth and Fourteenth Amendments to the United States Constitution, with supplemental claims for false arrest.

2. The claim arises from a November 19, 2013 incident in which two H & M clothing store security guards/ NYPD police officers, while acting under color of law, falsely arrest plaintiff.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

5. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff is a Latino-American man; citizen of the United States and at all times here relevant resided in the County of New York, City and State of New York.

7. Defendant H & M Hennes and Mauritz, LP, ("H & M") was at all time here relevant a business entity registered to do business and doing business in the State of New York.

8. Defendants John Doe H & M security guards / NYPD police officers were at all times here relevant an employee of both H & M and NYPD. Defendants were working at the H & M store at 435 7th Avenue, New York, NY at the time of the incident.

9. Defendant the City of New York is a municipal corporation organized under the laws of the State of New York.

10. Defendant former Police Commissioner Ray Kelly was at all times here relevant the Commissioner of NYPD. As such, he was a policy maker and Supervisor for NYPD.

## FACTUAL ALLEGATIONS

11. On November 19, 2013, Plaintiff was inside the H & M Department Store at 435 7th Avenue, New York, NY shopping when he was set upon by two security guards.

12. They questioned him in public in a very aggressive and accusatory manner, in front of other shoppers inside the store. They then detained him for over an hour without any probable cause or reasonable suspicion that he had committed any crime.

13. He was released from detention without being charged with any crime. In the

course of the questioning, the John Doe defendants let it be known that they were not only security guards for the store, but also members of NYPD.

14. Many police officers work for the NYPD's Paid Detail Unit, in which police officer register with the unit and obtain paid security positions at department stores, banks and major financial institutions in the city. Other officers do not register with the Paid Detail Unit but nevertheless in conjunction with and with the knowledge and approval of their private corporate employer use the authority as a NYPD police officer to detain and use physical force against civilians. The John Does herein we employed in such a manner.

15. At all times during the events described above, the John Doe defendants intended to and did engage in a joint venture and formed an agreement to violate plaintiff's rights. The individual defendants assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff, causing injuries below.

16. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

17. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Violation of her right to Due Process of Law under the Fourteenth Amendments to the United Stated Constitution;

  c.  Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

  d.  Loss of liberty; and

  e.  Deprivation of property.

## FIRST CAUSE OF ACTION
### (42 USC § 1983)

18. The preceding paragraphs are here incorporated by reference.

19. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

20. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures by falsely arresting him and conspiring to take these actions, and failing to prevent other individual defendants from doing so, pursuant to the Fourth Amendment to the United States Constitution. Defendants' conduct also deprived plaintiff of her right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

21. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### (FALSE ARREST)

22. The preceding paragraphs are here incorporated by reference.

23. All defendants subjected plaintiff to false arrest, false imprisonment, false detention, and deprivation of liberty without probable cause or any other legally justified privilege to do so.

24. Plaintiff was conscious of his imprisonment and in no way consented to his imprisonment.

25. The City Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §§1983, New York State common law, and the New York State Constitution.

26. As a result of the false arrest, imprisonment, detention and deprivation of liberty, plaintiff was damaged.

## THIRD CAUSE OF ACTION
(RESPONDEAT SUPERIOR – H & M)

27. The above paragraphs are here incorporated by reference.

28. John Doe defendants' intentional tortious acts were undertaken within the scope of their employment by defendant H & M and in furtherance of the defendant H & M's interest.

29. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant H & M, plaintiff was damaged.

## FOURTH CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

30. The above paragraphs are here incorporated by reference.

31. The City and Commissioner Kelly are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

32. The City and the former Commissioner knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

33. The aforesaid event was not an isolated incident. The City and the former Commissioner have been aware for some time (from lawsuits, notices of claim and media coverage) that many of their police officers register for the Paid Detail Unit and they are

insufficiently trained on how to perform their duties when they are employed by a private corporation. Furthermore, the City and the former Commissioner have been aware that their officers who "moonlight" by working for private corporations use their authority as police officers to perform the work but are insufficiently trained in applying their authority as peace officers to private security work.

34. In addition, the City and the former Commissioner know from the same sources that officers who moonlight are often exhausted by doing both jobs, impairing their judgment and ability to perform both their private and public jobs. The City does not sufficiently supervise or monitor police officers who moonlight. Nor does the City provide adequate financial incentives to police officers; so that police officers believe they must work long hours on a second job to make an adequate living. Indeed, NYPD's Paid Detail Unit was designed to give current police officers opportunities to work extra hours to supplement their insufficient pay as police officers.

35. The City and the former Commissioner know that the low pay for police officers and failure to adequately monitor police officers who moonlight causes the constitutional violations of citizens. Nevertheless, the City and the former Commissioner failed to take corrective action, causing the officers in the present case to violate plaintiff's civil rights.

36. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City and the former Commissioner to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

37. The City and the former Commissioner have damaged plaintiff by their failure to properly train, supervise, monitor, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police

misconduct.

38. Plaintiff has been damaged as a result of the wrongful, grossly negligent and illegal acts of the City and the former Commissioner.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
November 7, 2014

TO:

H & M HENNES AND MAURITZ, L.P.
C/O CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

CITY OF NEW YORK
100 CHURCH ST.
NEW YORK, NY 1007

COMMISSIONER RAY KELLY

Yours, etc.,

LEO GLICKMAN, ESQ.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Ave. 3rd floor
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com